UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:11-cr-98-FtM-29DNF

BRIAN WENDELL FROST
_____

**OPINION AND ORDER**

This matter comes before the Court on the post-sentencing Motion by the United States for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Doc. #169) filed on April 23, 2014.  Defendant filed a Response (Doc. #174) on May 28, 2014, along with a Motion to Seal (Doc. #173).

There is a presumption of openness as to court files, and that presumption may be overcome only by a showing of "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Super. Ct. of Cali., 464 U.S. 501, 510 (1984).  Defendant seeks to seal seven documents filed with the Court, the oldest of which has been a matter of public record since August 2013.  While defendant's concern is legitimate, the Court does not find that the presumption of openness has been overcome such that the documents should be sealed from the public.  The Motion to Seal will therefore be denied.

At the time of the original sentencing the Court considered defendant's cooperation with the government in connection with a debriefing in Boston.  As a result, the Court granted a variance to 120 months imprisonment, from a range of 151-188 months. Defendant's subsequent cooperation does rise to the level of substantial assistance, and therefore he is eligible for a sentence reduction under Rule 35(b).  The Court is not bound by the government's recommended reduction, but has the authority to grant a reasonable reduction based upon its evaluation of factors related to defendant's assistance.  United States v. Livesay, 525 F.3d 1081, 1092 (11th Cir. 2008)("It remains true that after the government has made a motion for downward departure pursuant to U.S.S.G. § 5K1.1, the government has no control over whether and to what extent the district court will depart from the Guidelines. [ ]  The district court's downward departure need only be reasonable." (internal citations omitted)). In determining the extent of a § 5K1.1 departure, "the district court must consider the five non-exclusive § 5K1.1 factors, which are: (1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of the defendant's information and testimony; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or risk of injury or danger to the defendant and his family as a result of his assistance; and (5) the timeliness of the assistance." Livesay, 525 F.3d at 1092.  Other factors may

be considered only if they relate to the assistance provided by defendant. <u>Id.</u> After considering all the circumstances, the Court concludes that a four level reduction is reasonable and appropriate.

Defendant's prior Sentencing Guidelines calculation was a Total Offense Level of 29, a Criminal History Category of VI, and a resulting range of imprisonment of 151 to 188 months imprisonment. The variance to an actual sentence of 120 months imprisonment was essentially a three level reduction to Total Offense Level 26 (the first base offense level containing the 120 months within its range). Granting a further reduction of four level results in a Total Offense Level of 22, a Criminal History Category of VI, and a range of imprisonment of 84 to 105 months. The Court finds that a sentence of 84 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a) after considering defendant's substantial assistance in addition to the previously considered advisory recommendation of the Sentencing Guidelines and all the factors identified at 18 U.S.C. § 3553(a)(1)-(7). All other components of the original sentence shall remain as originally imposed.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Seal (Doc. #173) is **DENIED**.

2. The United States for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Doc. #169) is **GRANTED.**

3. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 84 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of June, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal
DCCD

Jack Gather
Regional Inmate System Administrator
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331